## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NORTH FACE APPAREL CORP., <br><br> Plaintiff, <br><br> v. <br><br> CWGS GROUP, LLC and GANDER OUTDOORS, LLC, <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff The North Face Apparel Corp., by and through its undersigned attorneys, brings this action against the defendants CWGS Group, LLC and Gander Outdoors, LLC. As grounds for this complaint, The North Face Apparel Corp. alleges the following:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

## THE PARTIES

2. Plaintiff The North Face Apparel Corp. ("The North Face") is a corporation duly organized under the laws of the State of Delaware with its principal place of business at 3411 Silverside Road, Wilmington, Delaware 19810.

3. Defendant CWGS Group, LLC ("CWGS") is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois, 60069.

4. Defendant Gander Outdoors, LLC ("Gander Outdoors") is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois 60069.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 and 15 U.S.C. § 1121 because this is an action for trademark infringement and related unfair competition claims under federal law.

6. This Court has personal jurisdiction over CWGS Group, LLC and Gander Outdoors, LLC (jointly, "Defendants") because CWGS and Gander Outdoors are Delaware limited liability companies.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District.

## FACTS

### *The North Face's Business and SUMMIT SERIES Marks*

8. Over the past 43 years, The North Face has grown from a small retail shop in Northern California to a world-renowned source of exceptional outdoor apparel and equipment. Today, The North Face is one of the world's foremost outdoor and athletic apparel and equipment brands.

9. Much of The North Face's success is owed to its longstanding and consistent use of its trademarks, including the (a) Summit Series Design Mark and (b) SUMMIT SERIES and Design Mark (collectively, the "SUMMIT SERIES Marks"), described in detail below.

10. Beginning at least as early as July 2000, The North Face adopted the Summit Series Design Mark (depicted below) and began using it in interstate commerce in the advertisement, promotion, and sale of its products:



Summit Series Design Mark

11. The Summit Series Design Mark consists of a broken circle surrounding a highly stylized mountain peak, all formed by a single unbroken black line contrasted against the negative space.

12. The North Face is the owner of U.S. Trademark Registration Nos. 3,418,103 and 3,373,851, registered on April 29, 2008, and January 22, 2008, respectively, for its Summit Series Design Mark for the below listed goods:

U.S. Registration No. 3,418,103:

- "Footwear" in Class 25.

U.S. Registration No. 3,373,851:

- "Backpacks, internal and external frame packs" in Class 18;

- "Sleeping Bags" in Class 20;

- "Tents and tent accessories, namely, rain flies, ground cloths, and gear loft platforms used for storage" in Class 22; and

- "Clothing, and footwear, namely, t-shirts, shirts, tops, pants, side zip pants, shorts, vests, parkas, anoraks, coats, Jackets, wind-resistant jackets, pullovers, sweaters, overalls, thermal underwear, hosiery, socks, tights, gloves, mittens, shells, one-piece shell suits, ski wear, ski suits, ski vests, ski jackets, ski bibs, bib overalls, bib pants, snowboard wear, snow pants, snow suits, rainwear, rain jackets, rain pants" in Class 25.

13. These registrations are valid, subsisting, in full force and effect, and incontestable. A copy of the registration certificates and printouts from the United States Patent and Trademark Office's ("USPTO") TSDR database are attached hereto and included as part of Exhibit A.

14. The North Face has continuously used its Summit Series Design Mark in commerce in the United States since at least as early as July 2000 in connection with apparel, since at least as early as January 2001 in connection with the goods in Class 18, since at least as early as July 2001 in connection with the goods in Classes 20 and 22, and since at least as early as July 2002 in connection with footwear.

15. Beginning at least as early as July 2000, The North Face adopted its SUMMIT SERIES and Design Mark (depicted below) and began using it in interstate commerce in the advertisement, promotion, and sale of its products:



SUMMIT SERIES and Design Mark

16. The SUMMIT SERIES and Design mark consists of the Summit Series Design Mark with the stylized wording SUMMIT SERIES, appearing one word stacked on top of the next, below the design.

17. The North Face is the owner of Registration Nos. 3,479,423 and 3,349,240 for its SUMMIT SERIES and Design Mark, registered on August 5, 2008, and December 4, 2007, respectively, for the below-listed goods:

U.S. Registration No. 3,479,423:

- "Footwear" in Class 25.

U.S. Registration No. 3,349,240:

- "Backpacks, internal frame packs" in Class 18;
- "Sleeping bags" in Class 20;
- "Tents and tent accessories, namely, rain flies" in Class 22; and
- "Clothing, namely, jackets, parkas, coats, pants, bib overall pants, one-piece shell suits, shells, mittens, gloves, rainwear, wind resistant jackets, shirts, t-shirts, thermal underwear; boots, namely; shoes, namely, climbing" in Class 25.

These registrations are valid, subsisting, in full force and effect, and incontestable. A copy of the registration certificates and printouts from the USPTO's TSDR database are attached hereto and included as part of Exhibit A.

18. The North Face has continuously used its SUMMIT SERIES and Design Mark in commerce in the United States since at least as early as July 2000 in connection with apparel, since at least as early as July 2002 in connection with footwear, since at least as early as January 2001 in connection with the goods in Class 18, and since at least as early as July 2001 in connection with the goods in Classes 20 and 22.

ME1 26311733v.1

19.     The North Face, through its licensee, has promoted and advertised its SUMMIT SERIES Marks for outdoor and athletic clothing, gear, accessories, and equipment through varied promotional and advertising media.

20.     As a result of The North Face's use and extensive and continuous efforts promoting the SUMMIT SERIES Marks, consumers have come to recognize the SUMMIT SERIES Marks as uniquely associated with The North Face and an indication of origin in The North Face, as a consequence of which The North Face has established valuable goodwill and exclusive rights in the SUMMIT SERIES Marks.

*Defendants' Infringement of the SUMMIT SERIES Marks*

21.     On or about March 10, 2017, the outdoor sporting and recreation apparel and equipment retailer Gander Mountain Company ("Gander Mountain") filed for Chapter 11 bankruptcy. Prior to filing for bankruptcy, Gander Mountain had operated a network of retail stores, as well as an ecommerce platform, for camping, hunting, fishing and other outdoor apparel and recreation products, including outdoor apparel and equipment under its own Gander Mountain brand.

22.     Upon information and belief, Defendants have acquired various of Gander Mountain's intellectual property rights, operating systems and platforms, inventory, as well as the Gander Mountain ecommerce business and fixtures, and are now in the process of re-launching Gander Mountain's retail operations in the United States, which will be re-branded to Gander Outdoors.

23.     Upon information and belief, Defendants plan to open between 15 and 20 Gander Outdoors stores by the end of the first quarter of 2018 and another 40 to 45 stores during the second and third quarters of 2018.

24.     In order to select a new logo to go with its re-branded Gander Outdoors business, Defendants conducted The Gander Outdoors™ New Logo Contest (the "Contest"), which ran from May 11, 2017, to June 10, 2017, whereby it solicited entrants to submit potential logo designs in digital format for possible selection as Gander Outdoors' new logo.

25.     According to the Contest's official rules (the "Rules"), 50% of each submission's score was evaluated based on the "Creativity and freshness of the logo and how well it captures the outdoor lifestyle." The Rules further state that the criterion will be used as a tie-break in the event of two submission receiving identical scores. A copy of the Rules is attached hereto as Exhibit B.

26.     On or about June 29, 2017, Defendants selected the below-depicted design (the "Gander Outdoors and Design Mark") for the new Gander Outdoors logo:



GANDER OUTDOORS and Design Mark

27.     Notwithstanding The North Face's rights in its SUMMIT SERIES Marks, and without authorization or permission from The North Face, Defendants have adopted the GANDER OUTDOORS and Design Mark and the below-depicted "Gander Design Mark

7

ME1 26311733v.1

(collectively, the "Gander Marks") and intend to use them in connection with a broad range of outdoor and athletic apparel and equipment products and retail services featuring said products:



Gander Design Mark

28. The Gander Design Mark consists of a circle surrounding a stylized mountain peak, formed by two disconnected lines protruding from the circle into its center.

29. The GANDER OUTDOORS and Design Mark consists of the Gander Design Mark and the stylized wording GANDER OUTDOORS, appearing one word stacked on top of the next, below the design.

30. The circular design element surrounding the stylized mountain peak is extremely similar to the Summit Series Design. Both designs comprise circles inlaid with stylized mountain peaks. In both designs, the lines forming the stylized mountain peaks appear to protrude from the circle at virtually the same point and angle, making both the negative and positive spaces in each design highly similar.

31. On or about June 29, 2017, CWGS filed United States Application Serial Nos. 87/511310 and 87/511317 for the Gander Design Mark, both based on an intent to use the mark in U.S. commerce, for the below-listed services:

U.S. Serial No. 87/511310:

ME1 26311733v.1

- "Retail store services featuring hunting, fishing, camping, watersports, marine, recreational vehicle, firearms, outdoor recreational equipment, and outdoor recreation related products and services" in Class 35.

U.S. Serial No. 87/511317:

- "Retail store services, mail order services, electronic and mail order catalog services, and computerized on-line ordering services, all in the field of recreational vehicles, recreational vehicle equipment, recreational vehicle accessories, recreational vehicle parts, recreational vehicle supplies, camping equipment, camping accessories and camping supplies" in Class 35.

Printouts from the USPTO's TSDR database for the applications are attached hereto and included as part of Exhibit C.

32. On or about June 29, 2017, CWGS filed United States Application Serial No. 87/511320 for the GANDER OUTDOORS and Design Mark, depicted below, based on an intent to use the mark in U.S. commerce, for the below-listed services:

U.S. Serial No. 87/511320:

- "Retail store services featuring hunting, fishing, camping, watersports, marine, recreational vehicle, firearms, outdoor recreational equipment, and outdoor recreation related products and services" in Class 35.

Printouts from the USPTO's TSDR database for the GANDER OUTDOORS and Design Mark are attached hereto and included as part of Exhibit C.

*Defendants' Refusal to Halt Infringing Activity*

33. On or about August 3, 2017, The North Face, via its attorneys, sent written notice to CWGS of The North Face's concerns regarding the use of the Gander Design Mark within the outdoor and sports apparel and equipment industry. A copy of the August 3, 2017 notice letter is attached hereto as Exhibit D.

34. On or about August 18, 2017, Defendants, via counsel, replied to The North Face's August 3, 2017 communication, stating that they believed that consumer confusion

between the SUMMIT SERIES Marks and the Gander Marks was unlikely. A copy of the August 18, 2017 reply is attached hereto as Exhibit E.

35. Upon information and belief, Defendants have transported products bearing the Gander Marks in interstate commerce, have displayed and advertised products bearing the Gander Marks online, and continue to display the Gander Marks online, as depicted below.



ME1 26311733v.1



36. Upon information and belief, Defendants intend to use the Gander Marks in connection with retail and online retail store services, clothing, footwear, accessories, and equipment which will directly compete with The North Face's own products and services.

## FIRST CLAIM FOR RELIEF

(**Trademark Infringement – Lanham Act § 32, 15 U.S.C. § 1114**)

37. The allegations contained in paragraphs 1 through 36 are incorporated herein by reference.

38. This claim is brought under 15 U.S.C. § 1114.

39. The North Face has continuously and extensively used the SUMMIT SERIES Marks since at least as early as July 2000.

40. The North Face owns federal trademark registrations for the SUMMIT SERIES Marks, which registrations are valid, subsisting, and in full force and effect.

41. The North Face's use and registration of the SUMMIT SERIES Marks commenced and occurred prior to Defendants' adoption of the Gander Marks.

42. Defendants' Gander Marks for use on and in connection with outdoor apparel and equipment and retail store services featuring said goods so resembles The North Face's first-used and registered SUMMIT SERIES Marks for closely related goods and services offered within the very same industry is likely to confuse, mislead, and deceive members of the public into believing that The North Face has allowed, sponsored, approved, or licensed Defendants to provide competing goods and services, or that Defendants are in some way connected to or affiliated with The North Face.

43. Any such confusion would result in injury or have a direct impact on The North Face's reputation and its ability to market its own products and services under the SUMMIT SERIES Marks. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation The North Face has established for its high-quality products and services offered under the SUMMIT SERIES Marks.

44. Defendants' activities are being carried out willfully, with constructive and actual notice of The North Face's prior rights and registrations in and to the SUMMIT SERIES Marks.

45. Defendants are liable for infringement of the federally registered SUMMIT SERIES Marks in violation of 15 U.S.C. § 1114.

46. The North Face has been and will continue to be irreparably injured by Defendants' conduct. The North Face cannot be adequately compensated for these injuries by monetary remedies alone, and The North Face has no adequate remedy at law for Defendants' infringement of its rights.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition – Lanham Act § 43(a), 15 U.S.C. §1125(a))**

47. The allegations contained in paragraphs 1 through 46 are incorporated herein by reference.

48. This claim is brought under 15 U.S.C. § 1125(a).

49. The North Face has continuously and extensively used the SUMMIT SERIES Marks since at least as early as 2000.

50. The SUMMIT SERIES Marks are distinctive, commercially strong, and federally registered.

51. The North Face's use and registration of the SUMMIT SERIES Marks commenced and occurred prior to Defendants' adoption of the Gander Marks.

52. Defendants' Gander Marks for use on and in connection with outdoor apparel and equipment and retail store services featuring said goods so resembles The North Face's first-used and registered SUMMIT SERIES Marks for closely related goods and services offered within the very same industry is likely to confuse, mislead, and deceive members of the public into believing that The North Face has allowed, sponsored, approved, or licensed Defendants to provide competing goods and services, or that Defendants are in some way connected to or affiliated with The North Face.

53. Any such confusion would result in injury or have a direct impact on The North Face's reputation and its ability to market its own products and services under the SUMMIT SERIES Marks. Furthermore, any defect, objection, or fault found with Defendants' products or services would negatively impact and seriously injure the reputation The North Face has established for its high-quality products and services offered under the SUMMIT SERIES Marks.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff The North Face Apparel Corp. respectfully prays for the following relief against Defendants CWGS Group, Inc. and Gander Outdoors, LLC as follows:

a) An order declaring that Defendants' unauthorized use of the Gander Outdoors Marks violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125;

b) An order permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

    1. Further infringing, and/or making any use of the SUMMIT SERIES Marks, or any colorable imitations, including the Gander Marks, to advertise, promote, display, sell, or offer any products and services in the outdoor and athletic apparel and equipment industry;

    2. Representing or suggesting to any third party that Defendants or their products or services are affiliated with, sponsored by, licensed by, or otherwise associated with The North Face or the SUMMIT SERIES Marks; and

    3. Otherwise unfairly competing with The North Face;

c) An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any products or services by Defendants are authorized by The North Face or are in any way related to The North Face or its products and services;

d) An order directing an accounting and judgment be rendered against Defendants for:

    1. All profits received by Defendants as a result of Defendants' infringement and/or unfair competition of the SUMMIT SERIES Marks as provided for in 15 U.S.C. § 1117; and

    2.    A award of treble damages to The North Face for Defendants' willful and deliberate conduct, pursuant to 15 U.S.C. § 1117; and

    3.    An award to The North Face for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117; and

e)    Any other relief that the Court finds warranted and just.

## JURY DEMAND

Plaintiff The North Face Apparel Corp. requests a jury trial on all issues so triable.

Dated: December 19, 2017

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiff*
*The North Face Apparel Corp.*

OF COUNSEL:

Aaron Silverstein
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
(978) 463-9130
asilverstein@sandsip.com